UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER D. COUSINO, #310603,

    Plaintiff,

v.                                                    Case No. 2:15-CV-187

WILLIAM BORGERDING, et al.,                  HON. GORDON J. QUIST

    Defendants.
                                       /

## ORDER ADOPTING REPORT AND RECOMMENDATION

This suit stems from Defendants' treatment of Plaintiff's medical condition. Defendant Corizon is a private company that provides healthcare to inmates within the Michigan Department of Corrections. Defendant Canlas is a physician employed by Corizon; Defendant Neri is a physician formerly employed by Corizon. Plaintiff, an inmate in the custody of the MDOC, filed a suit alleging that (1) Defendants Canlas and Neri were deliberately indifferent to Plaintiff's medical needs in violation of the Eight Amendment and (2) Defendant Corizon violated the Eighth Amendment by having a policy of denying medical treatment to inmates based on cost.

On October 4, 2016, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that this Court grant Defendants' motion for summary judgment. (ECF No. 63.) Plaintiff filed seven objections, which will be discussed in detail below. (ECF No. 64.) Defendants filed a response. (ECF No. 67.) Upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1), After conducting a de novo review of the R & R, Defendant's Objection,

and the pertinent portions of the record, the Court concludes that the R & R should be adopted and summary judgment should be granted for Defendants.

## I. BACKGROUND

In early September 2013, Plaintiff requested treatment of "some kind of itchy fungus." (PageID.890.)  On September 13, Defendant Neri diagnosed Plaintiff with scabies, ordered him into medical quarantine, and provided plaintiff with a medicated shampoo.  Plaintiff's symptoms did not subside, and Defendant Canlas prescribed triamcinolone acetonide cream on September 18.  Defendant Canlas followed up with Plaintiff on September 24, noted improvement in his condition, and authorized his release from medical quarantine.  Between November 2013 and February 2014, Plaintiff complained of renewed symptoms of itches and rashes on several occasions, and Defendants prescribed various ointments and antibiotics as treatment, eventually finding a combination of medications that finally cured Plaintiff's symptoms.

Magistrate Judge Greeley recommended summary judgment for Defendants Canlas and Neri because Plaintiff failed to show that the Defendants "acted with the requisite culpable state of mind to satisfy the subjective prong of the deliberately indifferent test."  (ECF No. 63 at PageID.967.)  Magistrate Judge Greeley recommended summary judgment for Defendant Corizon because Plaintiff failed to show any kind of underlying Eighth Amendment violation which could have been caused by the company's policy or well-settled custom and Plaintiff failed to submit any evidence to support his allegations.  (*Id*. at PageID.968.)

## II. DISCUSSION

### Objection I

Plaintiff objects to Magistrate Judge Greeley's reliance on Defendants' declaration to establish the fact that Plaintiff had an allergic reaction to one of the medications prescribed.

(ECF No. 64 at PageID.975.)  Plaintiff claims that his negative reaction to the medication was due the fact that "Defendant's [sic] over prescribed the three topical corticosteroids that had a side effect of Folliculitis which is what Plaintiff kept experiencing." (*Id.*)  The exact reason for Plaintiff's reaction to the medication, whether it was because he was "over-prescribed" or allergic, is irrelevant to the conclusion that Defendants lacked the subjective intent required for deliberate indifference claims.  This is particularly true given the fact that Plaintiff's medication was changed to treat his reaction.

Objection II

Plaintiff objects to the R & R noting the fact that Plaintiff did not seek medical treatment between September 24 and November 8, and argues that he did not seek medical attention during that time "because he was in fear of having to return to administrative segregation." (ECF No. 64 at PageID.977.)  This claim is irrelevant to the R & R's finding because it has no bearing on Defendants' subjective state of mind.

Objection III

Plaintiff objects to the R & R's description of the facts surrounding his treatment, claiming (1) Magistrate Judge Greeley stated that the Plaintiff had been prescribed medication on February 28, 2014, but Plaintiff had actually been prescribed the medication on March 3, and (2) Magistrate Judge Greeley stated that Plaintiff's skin condition cleared up "after several doses" of effective medication, but Plaintiff only took two doses of the medication.  These objections are irrelevant to Defendants' subjective intent.

Objection IV

Plaintiff argues that statements by Defendant Neri produce an issue of fact as to the subjective intent prong of the deliberate indifference test. (ECF No. 64 at PageID.977.)

3

Defendant Neri allegedly refused to request Plaintiff's preferred medication because Neri was certain that RMO would not approve the treatments. (*Id*.) But a plaintiff who "received treatment for his condition must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir.2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir.2011)). The record indicates that following this particular visit Defendant Neri prescribed two different medications to treat a possible secondary infection and reduce itching. (ECF No 58-1 at PageID.823-825.) Such attention cannot establish deliberate indifference to a condition.

### Objection V

Plaintiff objects to Magistrate Judge Greeley's finding that his treatment was not "so woefully inadequate as to amount to no treatment at all," and simply refers the Court to his brief in opposition to summary judgment. (ECF NO 64 at PageID.977.) The relevant portion of that brief merely describes the various treatments used and how they were ineffective. (ECF No. 60-1 at PageID.880-83.) Unsuccessful treatment alone does not give rise to the level of an Eighth Amendment violation, even when a physician's treatment could be considered malpractice. *Border v. Trumbull Cnty. Bd. of Comm'rs*, 414 F. App'x 831, 836 (6th Cir. 2011) (citing *Perez v. Oakland Cnty.*, 466 F.3d 416, 424 (6th Cir.2006)). Defendants continued to treat Plaintiff by prescribing various medications and treatments until his symptoms subsided.

### Objection VI

Plaintiff objects to the R & R's failure to "address extreme mental and physical suffering." (ECF No. 64 at PageID.979.) This fact is irrelevant because the R & R reached its conclusion while "[a]ssuming, without deciding, Plaintiff's skin condition is a sufficiently serious harm." (ECF No. 63 at PageID.967.)

<u>Objection VII</u>

The R & R noted that Plaintiff failed to produce any evidence that "Corizon had a policy to prescribe formulary drugs when non-formulary drugs are more effective." (ECF No. 63 at PageID.969.) Plaintiff objects, and has attached an exhibit describing the allegedly defective policy. (ECF No. 66-1.) But Magistrate Judge Greeley's conclusion (with which this Court agrees) that Plaintiff did not suffer any underlying Eighth Amendment violation forecloses liability on the part of Corizon for its policies. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001)

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 63) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 56) is **GRANTED**.

The case is concluded. A separate judgment will enter.


Dated: December 27, 2016                         /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE